Filed 1/11/22  P. v. Havlin-Buttler CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yuba)

----

| | |
|---|---|
| THE PEOPLE, | C094259 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF2000604) |
| v. | |
| ROBERT DENNIS HAVLIN-BUTTLER, | |
| Defendant and Appellant. | |

The People charged defendant Robert Dennis Havlin-Buttler with first degree burglary, carrying a dirk or dagger, misdemeanor resisting a peace officer, and misdemeanor possession of burglary tools.  The People alleged the burglary count was a violent felony because it occurred while another person, the victim, was present in the residence.  The People also alleged defendant had a 2014 conviction for reckless evasion of a peace officer with a criminal gang activity enhancement and that the conviction constituted a serious felony and a prior strike.  Defendant pled no contest to the burglary and carrying a dirk or dagger counts and admitted the prior strike allegation, as well as the allegation that the burglary count was a violent felony.

1

As part of the plea agreement, the court deferred sentencing and defendant agreed to enter into a residential treatment program. If defendant successfully completed the program, the court would strike the prior strike and make a finding that defendant's case was unusual for probation purposes. If defendant did not complete the program, he would be sentenced up to the maximum prison term on the plea. Defendant also agreed to pay $300 in restitution to the victim. Defendant had pending criminal cases in Butte County and Sutter County, and the plea agreement was contingent on the resolution of those cases in a way that would allow defendant the program opportunity.

The parties stipulated the factual basis for the plea was contained in Yuba County Sheriff's report No. 20-1182, which explained that defendant broke into two cars in a garage, then entered a house before being confronted by the victim and fleeing, and was carrying a dagger when deputies apprehended him.

The prosecution in defendant's Butte County case was unwilling to cooperate with the negotiated disposition, so the parties renegotiated the terms of the plea agreement to include a stipulated sentence as to the two counts, including the prior strike, of five years four months in state prison. The court sentenced defendant to the low term of two years, doubled for the prior strike conviction, for the burglary count, plus eight months (one-third the midterm), doubled for the prior strike conviction, for the carrying a dirk or dagger count, for a total sentence of five years four months. Considering defendant's ability to pay, the court reduced the recommended $1,500 restitution fine to $300, and imposed a $300 parole revocation restitution fine, which was suspended pending revocation of parole, a $40 court operations assessment, a $30 criminal conviction assessment, and $300 in victim restitution. The court dismissed the outstanding balance of charges.

Defendant filed a notice of appeal without a certificate of probable cause.

DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Having undertaken an examination of the entire record, we note three errors that warrant correction. First, the total stipulated sentence, as indicated by both the court and the parties, was five years four months, which included a 16-month sentence for the carrying a dirk or dagger count. At the sentencing hearing, the court appears to have misspoken when imposing the sentence for this count, and said it would impose "one-third the mid term, which would have been eight months, doubled because of the strike is imposed, 32 months." Given the multiple references to the five-year, four-month sentence, both orally and in writing by the court and the parties, it is clear that the total sentence the court imposed was five years four months, which included a 16-month sentence for the carrying a dirk or dagger count, and the court simply made a misstatement in reaching the sentence. We will correct the record accordingly.[1] (See *People v. Jack* (1989) 213 Cal.App.3d 913, 915-916.)

Second, the trial court imposed only one $40 court operations assessment and one $30 criminal conviction assessment, both of which must be imposed for each of defendant's convictions. (Pen. Code, § 1465.8, subd. (a)(1); Gov. Code, § 70373, subd. (a)(1).) Because defendant pled no contest to two offenses, the court should have imposed an $80 operations assessment and a $60 criminal conviction assessment. We

---

[1] The minute order and abstract of judgment reflect the correct sentence with its constituent parts, and the sentence does not need to be corrected on those documents.

will modify the judgment to impose the assessments.  (*People v. Woods* (2010) 191 Cal.App.4th 269, 272-273.)

Third, defendant admitted the allegation as to the burglary count that there was a person in the residence, who was not an accomplice, when he committed the offense. This made the offense a violent felony, which was a condition of the plea agreement. (Pen. Code, § 667.5, subd. (c)(21).)  Thus, in section 1 of the abstract of judgment, the box for "violent felony" under the burglary conviction should be checked.  We will order the abstract of judgment corrected.

Having undertaken an examination of the entire record pursuant to *Wende*, we find no other errors that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is modified to include an $80 court operations assessment under Penal Code section 1465.8 and a $60 criminal conviction assessment under Government Code section 70373.  As modified, the judgment is affirmed.  The trial court is directed to correct the abstract of judgment to denote defendant's burglary conviction as a violent felony, amend the abstract to reflect the above assessments, and to forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.

/s/_____
Robie, J.

We concur:

/s/_____
Raye, P. J.

/s/_____
Hull, J.

4